No. 467

McDONALD v. TRACTION CO.

Ohio Appeals, First Dist., Hamilton County
No. 2042. Decided April 9, 1923

NEGLIGENCE—(1) Fatal error to omit instruction to jury that plaintiff cannot recover if neither of defendants were guilty of negligence.

PER CURIAM.

(Cushing, Buchwalter and Hamilton, JJ.)
Error to Municipal Court of Cincinnati. Reserved

Epitomized Opinion

Van Horn, one of the defendants, was in the act of pulling his truck out from along the curb into the street in Cincinnati when a car belonging to the Traction Co. struck the truck, throwing it against the automobile of McDonald. The lower court instructed the jury on the subject of negliegence but failed to submit the question that if they found neither of the defendants guilty of negligence the verdict must be for the defendants. Held by the Court of Appeals in reversing the judgment:

1. Failure of the trial court to include in his charge and instruction that plaintiff cannot recover if neither of the defendants are found guilty of negligence is reversible error.

Attorneys—Williams & Ragland, for McDonald; H. K. Rogers, for Traction Co.; J. A. McDonald, for Van Horn.

---

No. 468

DEWEY v. STATE

Ohio Appeals, Second District, Franklin County
No. 1074. Decided May 17, 1923

CRIME—(1) Accused cannot claim that he has been twice put in jeopardy where a new trial is granted at his own instance. INTOXICATING LIQUORS —(2) Sufficient proof that liquor is intoxicating— (3) Conviction will not be set aside upon the question of credibility of witnesses—(4) Evidence sufficient, to connect accused with crime.

BY THE COURT:

Epitomized Opinion

Dewey was prosecuted in the Common Pleas Court of Franklin county under Section 6212-15 GC. for the unlawful manufacture of intoxicating liquor. The defendant was convicted before Judge Duncan. The conviction was set aside by this judge upon the ground that the defendant had not been arraigned. The case was then re-tried before Judge Rogers. The defendant filed a plea in bar alleging that he had once been in jeopardy in the trial before Judge Duncan. A demurrer to this decree was then sustained. The evidence disclosed that one Draudt and his wife had on their premises a still and also the ingredients for the manufacture of whiskey, and that the still was in operation when found. There was some conflict in the evidence as to whether any actual whiskey was found on the premises. The only evidence connecting Dewey with the offense was the testimony of Draudt and his wife, both of whom were particeps criminis. The only corroboration of their story was the testimony of Dewey himself who admitted that he had hauled the still to the Draudt house after night. The trial resulted in a conviction, and the defendant was fined $800. Defendant prosecuted error. In sustaining the judgment of Judge Rogers, the Court of Appeals held:

1. As the new trial was granted upon the motion of the accused he cannot object to the re-trial upon the ground that he has already once been in jeopardy.

2. The State is not required to analyze liquor found, as it is a matter of general knowledge that where the essential ingredients of whiskey are placed in a still and subjected to the necessary amount of heat that the natural result is the manufacture of whiskey.

3. A reviewing court cannot set aside a conviction even in a criminal case where the conviction rests upon the credibility of witnesses, unless it clearly appears that the conviction is against the manifest weight of evidence.

4. As testimony of other parties to the crime was corroborated by the testimony of the accused, he was shown to have been sufficiently connected with offense.

Attorneys—James C. Nicholson, for Dewey; John R. King and R. R. Hughes, for State.

---

No. 469

IN RE TAYLOR

Ohio Appeals, Second Dist., Franklin County

No. 1077. Decided May 11, 1923

EXTRADITION—(1) Insufficient evidence that the accused was a fugitive from justice—(2) Insufficient evidence that South Carolina was acting in good faith.

WARNET, J.

Epitomized Opinion

Requisition was made by the Governor of South Carolina for the extradition of J. P. Taylor and Mary R. Taylor as fugitives from justice. Governor Donahey refused the extradition as to Mary but issued a warrant for John. He was arrested under said warrant and brought before Judge Warner of the Common Pleas Court of Franklin county. In a written opinion Judge Warner discharged Taylor upon the ground that there was no sufficient proof that Taylor was a fugitive from justice and that there was insufficient evidence that the requisition was made in good faith and not for the purpose of collecting a debt. The journal entry, however, was based solely upon the lack of evidence that Taylor was a fugitive from justice. The case was then taken to the Court of Appeals and in sustaining the decision of the lower court, this court held:

1. There was insufficient proof that Taylor was a fugitive from justice as required by GC. 113.

2. That there was insufficient evidence that the requisition was made in good faith as required.

Attorneys—Williams, Nash, Hays and Thomas, for State; Narcus G. Evans and Horace S. Kerr, for Taylor.